## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Cornelia Frances Allen

    v.

David Cook Allen


Sylvia D. O'Berry

    v.

John William O'Berry


Gedell Delores Tyler

    v.

Johnny LaVerne Tyler

July 19, 1973

### By JUDGE A. CHRISTIAN COMPTON

It appears that the depositions in these three divorce suits were conducted without counsel being present, the questions to the witnesses being propounded by one notary public and the depositions being certified by another notary. Neither notary appears to be a licensed attorney.

Code § 8-304 provides, in part, that "[i]n any pending case the deposition of a witness, whether a party to the suit or not, may be taken in this state . . . by a notary or commissioner in chancery". The word "taken" (the past participle of the verb "take") as used in the statute means "to write down . . . to

record" the testimony, as "to take an inventory; to take a speech; also, to record the words of; as the stenographer took the first speaker." Webster's New International Dictionary, Unabridged, Second Edition, p. 2570, note 25. It is not used to mean "[t]o obtain or ascertain by inquiry, examination or the like; as to take the sense of the senate; to take a census;" ibid., note 8.

To follow a different rule and to allow a layman who is a notary to interrogate witnesses and to elicit evidence in a divorce suit would be to permit such person to engage in the unauthorized practice of law. "[O]ne is deemed to be practicing law, whenever he furnishes to another . . . service under circumstances which imply his possession and use of legal knowledge or skill." Part Six, Section I, Rules of Court, The Integration of The State Bar. 205 Va. 1011. It is obvious that the possession and use of legal knowledge and skill is necessary properly to present the facts, jurisdictional and otherwise, of a divorce suit.

For these reasons, the depositions in these three cases must be taken again with the examination of the witnesses being conducted by a duly licensed attorney at law.